**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| MEGATEL MOBILE, LLC | : |
| Plaintiff, | : Civil Action No. 17-3837 (ES) (JAD) |
| v. | : MEMORANDUM OPINION |
| TRACFONE WIRELESS, INC., MEGATEL WIRELESS, INC., MOHAMMED ELZAZA, NASSER ABDELMEGUID, | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

The Court writes primarily for the parties who are familiar with the issues in this case. On May 19, 2017, the Honorable Thomas J. LaConte, Presiding Judge of the Superior Court of New Jersey, Passaic County, Chancery Division, entered an Order to Show Cause with Temporary Restraints against Defendants. (D.E. No. 1-2). Shortly thereafter, Defendants removed this case to federal court and sought leave to file a motion to vacate the temporary restraints. (*See* D.E. Nos. 1 & 4). This Court granted Defendants' request for leave, and the parties briefed the propriety of the temporary restraints. (*See* D.E. Nos. 15, 28, & 30). At the same time, the parties agreed to modify the restraints until the Court could hear Defendants' motion. (*See* D.E. No. 20). On September 20, 2017, the Court held a telephone conference with the parties and, based on the parties' voluminous submissions, converted oral argument on Defendants' motion into a preliminary injunction hearing. *See M.K. v. Roselle Park Board of Education*, No. 06-4499, 2006 WL 3193915, at *8-9 (D.N.J. Oct. 31, 2006). The Court held that hearing on October 5, 2017.

1

For the reasons stated on the record and as set forth below, the Court DENIES Plaintiff's application for preliminary injunctive relief and VACATES the May 19, 2017 Order.

To obtain a preliminary injunction, the movant must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The granting of a preliminary injunction "is an extraordinary remedy . . . which should be granted only in limited circumstances." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988).

The Third Circuit has held that a court may not enter a preliminary injunction where the movant fails to carry its burden on each of the first two prongs. *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982). So, if the movant cannot demonstrate *either* a likelihood of success on the merits or irreparable harm in the absence of an injunction, the Court may not issue preliminary injunctive relief. Here, the Court need only address the second prong, as it concludes that Plaintiff has not demonstrated that it will suffer irreparable harm if an injunction does not issue. *See Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008); *MHA, LLC v. Siemens Healthcare Diagnostics, Inc.*, No. 15-1573, 2015 WL 9304543, at *2 (D.N.J. Dec. 21, 2015).

Irreparable harm is "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Such loss must not be merely economic, but "of a peculiar nature, so that compensation in money cannot atone for it." *A.O. Smith Corp. v. F.T.C.*, 530 F.2d 515, 525 (3d Cir. 1976). The

movant must demonstrate a "clear showing of immediate irreparable injury" to obtain injunctive relief. *Ammon v. McGahn*, 532 F.2d 325, 329 (3d Cir. 1976).

When the movant's claim is based on a breach of contract (as it is here), irreparable injury may be found in two situations: (1) where the subject matter of the contract is of such a peculiar value that damages would be inadequate; or (2) where, because of some special and practical features of the contract, it is impossible to ascertain the legal measure of loss so that money damages are impracticable. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

Here, Plaintiff concedes the first situation does not apply. (D.E. No. 28 at 25). Relying on the second situation, Plaintiff advances two primary arguments for why money damages are impracticable. First, Plaintiff argues that Defendants' actions will destroy its business. Second, Plaintiff argues that Defendants' actions will irreparably harm its reputation. The Court has considered all the parties' submissions, as well as the arguments made at the October 5th hearing, and is not persuaded.

Regarding the possible collapse of Plaintiff's business, the Third Circuit has made clear that "even when an action will result in the destruction of a business," a district court may refuse to grant a preliminary injunction where the loss is "capable of ascertainment and award at final judgment if [the movant] prevails." *Figueroa v. Precision Surgical, Inc.*, 423 F. App'x 205, 211 (3d Cir. 2011). Based on Plaintiff's submissions and the testimony of Plaintiff's vice president, Wael Qattous, nothing suggests Plaintiff cannot calculate its alleged money damages. (*See, e.g.*, D.E. No. 28 at 25; D.E. No. 37 at 2, 4-5; October 5, 2017 Hearing Transcript ("Tr.") at 48:9-49:14; 53:20-24; 81:13-82:24; 86:25-87:25). In fact, Mr. Qattous testified that he is in possession of business records from which he can show Plaintiff's alleged losses. (*See, e.g.*, Tr. at 81:13-82:24). Accordingly, the Court rejects Plaintiff's argument that, in this context, "it is impossible to

3

ascertain the legal measure of loss so that money damages are impracticable." *See ECRI*, 809 F.2d at 226.

Regarding Plaintiff's alleged reputational damage, the Court is guided by Third Circuit precedent rejecting similar contentions. The law is clear that a "plaintiff in a breach of contract case cannot convert monetary harm into irreparable harm simply by claiming that the breach of contract has prevented it from performing contracts with others and that this subsequent failure to perform will harm the plaintiff's reputation." *Bennington Foods*, 528 F.3d at 178-79. Indeed, courts have recognized that "the loss of customer goodwill is often calculable and compensable." *See, e.g.*, *Spacemax Int'l LLC v. Core Health & Fitness, LLC*, No. 13-4015, 2013 WL 5817168, at *2 (D.N.J. Oct. 28, 2013). Furthermore, where, as here, "there exists a lengthy history of company relations, loss of goodwill and reputation in the industry can be ascertained." *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 731 (3d Cir. 2009). Plaintiff has not shown that the telecommunications industry is different from other types of commerce in such a way that normal breach-of-contract damages could not provide a remedy. And Plaintiff's declarations and other submissions, as well as the testimony elicited at the hearing, do not persuade the Court otherwise. In fact, Plaintiff's customer certifications undercut Plaintiff's irreparable-harm argument, as each customer states that he will continue to do business with Plaintiff. (*See* D.E. No. 28-3).

Plaintiff's reliance on the Third Circuit's decisions in *Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800 (3d Cir. 1998) and *Fitzgerald v. Mountain Laurel Racing, Inc.*, 607 F.2d 589 (3d Cir. 1979) is misplaced. *Pappan Enterprises* is a trademark dispute, and "irreparable reputational harm is typically, and with limited exception, found in the specific context of" trademark and trade-secret disputes. *MHA, LLC*, 2015 WL 9304543, at *4. *Fitzgerald* is also distinguishable because it involves allegations of cheating and dishonesty in the horseracing

context—allegations that, in and of themselves, would likely harm the plaintiff's reputation. 607 F.2d at 592-93. Like the Third Circuit found in *Bennington Foods*, the Court finds here that "there is no reason to make the extended causal inferences necessary to find irreparable harm to reputation." 528 F.3d at 180.

Accordingly, based on the parties' submissions and the arguments made at the October 5th hearing, the Court concludes that Plaintiff has failed to show it will suffer irreparable harm in the absence of an injunction. Plaintiff's application is therefore DENIED, and the May 19, 2017 Order is VACATED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**