| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |
|---|---|

August 29, 2018

## LETTER MEMORANDUM

**Re:** *Megatel Mobile, LLC v. Tracfone Wireless, Inc., et al.*
<u>Civil Action No. 17-3837 (ES) (JAD)</u>

Dear Counsel:

Before the Court is Defendants Tracfone Wireless, Inc., Megatel Wireless, Inc., Mohammed Elzaza, and Nasser Abdelmeguid's (collectively, "Defendants") motion to dismiss Plaintiff Megatel Mobile, LLC's Amended Complaint. (D.E. No. 57). The Court has considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court GRANTS Defendants' motion. Counts One, Two, Three, Six, Seven, Eleven, and Thirteen are DISMISSED *without prejudice*. Counts Four, Five, Eight, Nine, Ten, and Twelve are DISMISSED *with prejudice*.[1]

***Legal Standard***. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than the "sheer possibility" that the defendant acted unlawfully. *Id.* A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal citations and quotation omitted). In evaluating plausibility, a court proceeds in three steps. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (applying *Iqbal*). First, it "take[s] note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, it identifies allegations that are simply conclusory and therefore not entitled to a presumption of truth. *Id.* Third, the court assumes that well-pleaded factual allegations are true, and gives the

---

[1] The Court assumes the parties' familiarity with the facts and procedural posture of this case.

plaintiff "the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citation omitted).[2]

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for allegations of fraud or mistake. *See Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 13-6272, 2015 WL 7871165, at *2-3 (D.N.J. Dec. 4, 2015). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff may satisfy Rule 9(b) by pleading the "date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (citation omitted); *see also United States v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016) ("In order to satisfy Rule 9(b), a complaint must provide all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.") (citations and internal quotation marks omitted).

*Discussion*. The Court will grant Defendants' motion to dismiss and allow Plaintiff to amend most of its claims. "Courts in this district have held that pleadings that fail to explain who has committed what actions are impermissibly vague and fail to comport with the pleading standards set out by the Supreme Court in *Twombly*." *Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-0663, 2015 WL 9049273, at *8 (D.N.J. Dec. 16, 2015) (collecting cases). As a court in this District explained regarding certain instances of group pleading, "[a]lleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014). And "[s]uch speculation is anathema to contemporary pleading standards." *Id.*

As Defendants persuasively argue (*see* D.E. No. 57-1 at 7-8; D.E. No. 64 at 2-3), Plaintiff's Amended Complaint (D.E. No. 52 ("Am. Compl.")) falls short of satisfying Rule 8(a) because it lacks "meaningful facts which establish each individual Defendant's liability for the misconduct alleged," *see Galicki v. New Jersey*, No. 14-0169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Plaintiff's group pleading here is especially problematic because each Defendant appears to have had distinct roles in the alleged misconduct. And "[i]t is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another." *K.J. v. Greater Egg Harbor Reg'l High Sch. Bd. of Educ.*, No. 14-0145, 2015 WL 5039460, at *6 (D.N.J. Aug. 26, 2015) (citation omitted). Plaintiff's Amended Complaint is therefore dismissed, and Plaintiff may amend its pleading. But because amendment for some of Plaintiff's claims would be futile, the Court will dismiss those claims *with prejudice*, as set forth below.

---

[2] Defendants argue that Plaintiff's opposition improperly relies on evidence outside the scope of the Amended Complaint. (*See* D.E. No. 64 at 1-2). In particular, Defendants contend that Plaintiff relies on (i) declarations and exhibits filed by Defendants in connection with Plaintiff's unsuccessful preliminary-injunction application; and (ii) "a host of unpled purported facts beyond those pled in the Complaint." (*Id.* at 1) (internal quotation marks and citation omitted). Defendants are correct that the Court may not consider such evidence without converting the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Chubb Ina Holdings Inc. v. Chang*, No. 16-2354, 2017 WL 499682, at *10 n.12 (D.N.J. Feb. 7, 2017).

Count Four (Justifiable Reliance) must be dismissed because justifiable reliance is an element of common-law fraud and not an independent cause of action. *See Clark v. Prudential Ins. Co. of Am.*, 289 F.R.D. 144, 184 (D.N.J. 2013). Indeed, Plaintiff recognizes this in its opposition brief. (*See, e.g.*, D.E. No. 61 at 27) ("[J]ustifiable reliance is a key element in fraud allegations."). Count Five (Refusal to Mitigate Damages) also must be dismissed because "[u]nder New Jersey law, the failure to mitigate damages is considered an affirmative defense." *Natreon, Inc. v. Ixoreal Biomed, Inc.*, No. 16-4735, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017).

Count 8 (Conversion) must be dismissed because it is not directed to tangible property. A claim for conversion requires (i) the existence of property; (ii) the right to immediate possession thereof belonging to a person; (iii) and the wrongful interference with that right by a different person. *Corestar Int'l PTE. Ltd. v. LPB Commc'ns, Inc.*, 513 F. Supp. 2d 107, 127 (D.N.J. 2007). "Importantly, the tort of conversion relates to interference with tangible rather than intangible property." *Hampden Eng'g Corp. v. Shear Tech. LLC*, No. 15-7424, 2016 WL 8677215, at *6 (D.N.J. Aug. 26, 2016) (internal quotation marks and citations omitted). Plaintiff alleges that Defendants: "converted plaintiff's employee as a spy and stole him from Plaintiff"; "converted plaintiff's clients to their own, including the conversion of all of their business"; and "stole and converted plaintiff's ENTIRE business to his own ownership by shutting down the system and taking all of plaintiff's business, customers, deals, contracts, profits and the like, completely shutting them out, all to their detriment and in violation of the terms of the agreement between the parties." (Am. Compl. ¶ 179) (emphasis in original). These allegations cannot state a claim for conversion. Count 9 (Theft) must be dismissed for the same reasons. *See Fainsbert v. Cuthbert*, No. 06-2014, 2006 WL 2096057, at *4 (D.N.J. July 27, 2006) (analyzing civil theft and conversion claims together).

Count 10 (Specific Performance) must be dismissed because "[s]pecific performance may not stand as a claim, independent from a breach of contract claim." *See Cotter v. Newark Hous. Auth.*, No. 09-2347, 2010 WL 1049930, at *5 (D.N.J. Mar. 17, 2010), *aff'd*, 422 F. App'x 95 (3d Cir. 2011). "Instead, specific performance is an equitable remedy that may be granted by a court of equity in its discretion, if there is no adequate remedy at law." *Id.* Count 12 (Duress) also must be dismissed because courts "do not yet recognize economic duress as an affirmative tort action in New Jersey." *Am. Rubber & Metal Hose Co., Inc. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *7 (D.N.J. July 22, 2011). And Plaintiff has not cited, "nor has the Court found, any more recent authority that contradicts this case law." *See id.*

***Conclusion***. For the foregoing reasons, the Court GRANTS Defendants' motion and DISMISSES Plaintiff's Amended Complaint. Plaintiff may file an amended pleading as set forth in this Letter Memorandum and the Court's accompanying Order.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**